# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1776

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Johnny Lee Echols, also known as | * | |
| Johnny Lee Murry, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: September 8, 1998
Filed: September 11, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Johnny Lee Echols challenges the sentence imposed on him by the district court[1] after he pleaded guilty to distributing in excess of 5 grams of cocaine base, or crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). We affirm.

For reversal Echols first argues that the district court erred in including in its drug quantity determination certain cocaine base seized by authorities from the apartment

_____

[1]The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas.

where he was found at the time of his arrest. He argues his sentence instead should be calculated based only on the 9.8 grams of cocaine base he personally sold to a confidential informant approximately two months earlier.

We review a district court's factual findings for clear error, and the court's application and construction of the Guidelines de novo. See United States v. Wells, 127 F.3d 739, 744 (8th Cir. 1997). Among other things, the record indicates that, at the time of his arrest, Echols was found asleep in the bedroom of his girlfriend's apartment with a nine millimeter handgun tucked under the mattress and a safe containing a large quantity of cocaine base and cash underneath the bed. A watch, jewelry, and a key ring belonging to Echols were found on the dresser together with another key ring that carried the key to the safe. In addition, in Echols's van outside the apartment authorities found a spent shell the same size as the handgun, and in Echols's pants pocket authorities found a card allowing Echols entry through the apartment complex's security gates. Within earshot of the arresting officers, Echols's girlfriend urged him to admit the cocaine base was his. We conclude this evidence sufficiently links Echols to the cocaine base for purposes of the court's drug quantity determination.

Echols also challenges the district court's decision to enhance his sentence under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997) for possessing a firearm. We also reject this argument. Based on the above evidence, we conclude the district court did not clearly err in concluding that Echols possessed the firearm and did so in connection with the drug offense. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.3) (1997) (adjustment should be applied if weapon is present, unless it is clearly improbable that weapon was connected with offense).[2]

_____

[2]Because we believe the above-described evidence sufficiently supports the disputed Guidelines determination, we do not address Echols's complaint that certain additional evidence linking him to the key ring carrying the key to the safe, and also linking him further to the handgun, was not properly disclosed to the defense.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.